a dangerous trap in a public highway without some warning thereof. The plaintiff might rightfully insist that the jury should be allowed to say whether some light should not have been placed there to have given her warning of the unsafe condition, and also to have shown her its exact condition and location, when she was obliged to use this part of the street upon a dark night. It is true that she knew generally of this condition and this location, as she passed by there many times. But one who has passed over a defective walk many times and knows of its condition is not as matter of law guilty of contributory negligence, when, upon using it thereafter at night, he has fallen and has sustained injuries. One may rightfully use a highway for the purpose of going back and forth at any place, and this plaintiff cannot be said as matter of law to have been guilty of contributory negligence in using this part of the highway as a direct route to the street car which she was seeking to board.

---

REGA v. NEW YORK CENT. & H. R. R. CO.   (No. 287/58.)

(Supreme Court, Appellate Division, Third Department. November 11, 1914.)

RAILROADS (§ 278*)—INJURY TO LICENSEES—CONTRIBUTORY NEGLIGENCE.

    A tallyman, employed to keep track of lumber loaded onto cars on his employer's switch, who, to avoid the rain, sat down on the track under one of a string of cars, leaning against the truck, and was injured when the car was moved by another car being switched, without warning, against the string, was guilty of contributory negligence as a matter of law, precluding recovery against the railroad company.

    [Ed. Note.—For other cases, see Railroads, Cent. Dig. §§ 891–900; Dec. Dig. § 278.*]

    Woodward, J., dissenting.

Appeal from Trial Term, St. Lawrence County.

Action by Walter Rega by John A. Rega, his guardian ad litem, against the New York Central & Hudson River Railroad Company. From a judgment for plaintiff, and from an order denying defendant's motion for a new trial, it appeals. Reversed, and complaint dismissed.

Argued before SMITH, P. J., and KELLOGG, LYON, HOWARD, and WOODWARD, JJ.

Thomas Spratt, of Ogdensburg (George E. Van Kennen, of Ogdensburg, of counsel), for appellant.

Miller & Matterson, of Syracuse (Wordsworth B. Matterson, of Syracuse, of counsel), for respondent.

SMITH, P. J. This action is not one between master and servant. The plaintiff was an employé of the Skillings, Whitney & Barnes Lumber Company, which in this opinion will be called the Skillings Company, through whose property the defendant's tracks ran. Upon the south of defendant's road upon the said land were two switches, one to the shaving mill, and another called the field switch. Upon the north of the defendant's right of way was the mill of the Skillings Company, to which a switch ran separating before it came to the mill into two branches, one to the north and the other to the south of the mill. It

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

was a matter of daily occurrence for the defendant's switch engine or shifter to come up from Ogdensburg, about two miles distant, and bring up empty cars for loading, and take away those that had been loaded.

The plaintiff, Rega, was a young man between 16 and 17 years of age, and was keeping tally of the lumber loaded upon one of the cars upon the south branch of the mill switch in the Skillings Company's yard. There were eight other cars upon that track. As the lumber was put into the car, the man with whom he was working would call out the amount. The plaintiff would record the same, and call back what he had recorded for verification. It appears in evidence that there was a little mist falling upon the morning in question, and the plaintiff had gone under the car, sitting upon the track with his back against the west truck, and while there was doing his work. In the shifting of cars by this shifter, or switch engine, one of the cars struck the west car in this line of eight, one of which was thus being loaded, and moved the same eastward, thereby causing to the plaintiff the injuries for which he was recovered in this action. The claim of the plaintiff is that he ought to have been notified by the railroad company that this car was to be disturbed, and that the failure of the company so to notify him constituted negligence.

It is unnecessary to discuss the question of the defendant's negligence, although it does not appear that the defendant had any knowledge whatever that this plaintiff was in this dangerous position, for the reason that the plaintiff himself was in my judgment as matter of law guilty of contributory negligence. The mere statement of the facts of the case would seem to me conclusive proof of this proposition. There was no occasion whatever for his getting under the car, except to get into a position of greater comfort, and possibly be free from a little mist, through which all the others were working uncomplainingly. That the place was an extremely dangerous one goes without saying; and, moreover, plaintiff had knowledge that for an hour this shifter had been running cars backward and forward upon those switch tracks, and might at any moment come in upon his track. His claim that he did not think it was dangerous, because he thought he would be notified, is wholly unjustifiable. Shortly before this time he had occupied a similar position under a car upon the field track, which had been moved in a similar way without any notice to him; but, fortunately for him in that case, the trucks upon which he was resting had moved away from him, instead of toward him, and he escaped injury. I can conceive of no case in which the court should hold contributory negligence established as matter of law, if not in the case at bar. I therefore recommend that the judgment and order be reversed, with costs, and judgment absolute ordered for the defendant, dismissing plaintiff's complaint, with costs; and I recommend a finding by this court that the plaintiff was guilty of contributory negligence as matter of law, which contributed to cause his injury.

Judgment and order reversed, with costs, and judgment absolute ordered for defendant, dismissing the plaintiff's complaint, with costs. This court finds that the plaintiff, as matter of law, was guilty of negligence which contributed to his injury. All concur, except WOODWARD, J., who dissents.